**UNITED STATES of America,**
**Plaintiff,**

**v.**

**H. A. JACKSON, an individual, formerly doing business as Jackson Products, Defendant.**

**Civ. A. No. 11897.**

United States District Court
E. D. Michigan, S. D.

March 7, 1955.

Fred W. Kaess, U. S. Atty., and Willis Ward, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

William J. Murray, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

This action was filed under the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, to recover from defendant the sum of $47,269.37 with interest at the rate of 6% per annum.

The complaint alleges that renegotiation proceedings were conducted by the War Contracts Price Adjustment Board to determine the amount of excessive profits realized by defendant during the fiscal year ended December 31, 1943, under his contracts and subcontracts subject to renegotiation; that a determina-

tion was made on October 12, 1943, that the sum of $200,000 represents excessive profits so realized and defendant was notified of such determination; that on December 14, 1948, defendant was notified that such determination and order of October 12, 1948 is deemed the determination of the Board and that a demand is made for payment of such sum on or before December 29, 1948, less the applicable tax credit, as provided in Section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806; that the tax credit to which defendant is entitled amounts to $152,730.63 and this sum was applied in payment of the excessive profits, and that a balance of $47,269.37 still remains due and payable, with interest.

In its answer defendant does not challenge the correctness of the Board's determination as to the amount of excessive profits, but, as defenses to plaintiff's action, contends that plaintiff failed to allow the full credit allowable under Section 3806 of the Internal Revenue Code, to wit, $186,000; that plaintiff failed to allow credits for the sum of $508.98 already paid by defendant by means of withholding by plaintiff of sums due defendant under subsequent transactions; and that defendant is not liable for interest upon the balance ultimately found to be payable and, in any event, that such interest should be computed at a rate constituting fair compensation for the use by plaintiff of funds withheld.

Plaintiff concedes that defendant is entitled to a credit in the amount of $508.98 withheld by the Reconstruction Finance Corporation from funds otherwise due defendant (see Amended Stipulation of Facts on file).

A motion for judgment on the pleadings and/or summary judgment was filed by plaintiff and hearings thereon were concluded on October 18, 1954, at which time a partial summary judgment of $14,000 was granted to plaintiff. The questions of the proper rate of interest, if any, upon the partial summary judgment, and whether plaintiff is entitled to a judgment and/or summary judgment for the balance of amount claimed due by plaintiff, were expressly reserved for later determination and counsel were afforded an opportunity, in the meantime, to present memoranda of law supporting contentions made.

Plaintiff takes the position that under Section 3806(c) of the Internal Revenue Code, if the amount allowable as a credit under subsection (b) of Section 3806 exceeds the amount allowed thereunder, the excess shall, for the purpose of the internal revenue laws relating to credit or refund of tax, be treated as an overpayment and, as such, is controlled by Section 3772 of the Internal Revenue Code which prescribes the statutory procedure for claiming any such excess; that conditions precedent and limitations prescribed in Section 3772 must be adhered to before defendant can contest the credit allowed as computed by the Internal Revenue Service; that under that section no suit or proceeding can be maintained in any court for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner; that defendant has not paid the excessive profits, less credit allowed, and therefore has not exhausted administrative and statutory remedies by contending there was an overpayment, filing a claim for refund, and awaiting a determination of such claim; that defendant cannot dispute the credit as computed and determined by the Internal Revenue Service until there has been an alleged overpayment within the meaning of Section 3806(c) of the Code; and that the defense of insufficient tax credit is not available to defendant in these proceedings.

Defendant, on the other hand, claims he has exhausted all his administrative remedies in that, after determination of the tax credit by the Internal Revenue Agent in charge, his counsel filed briefs, attended conferences, and filed a petition for review with the Tax Court of the United States which was dismissed for

lack of jurisdiction. Furthermore, he claims that he may interpose a defense in these proceedings that an insufficient tax credit has been allowed instead of having to pay the full amount demanded and having to rely upon a separate action for recovery of the insufficient tax credit, begun after payment and disallowance of his claim for refund and brought in this same court.

 Counsel for both parties submitted excellent briefs and the court has made an independent research of applicable law. It is unnecessary to comment on all the authorities cited or gleaned from the research. This court concurs in the view of the court as stated in United States v. Failla, 3 Cir., 219 F.2d 212. It was there held that Section 3772(a) of the Internal Revenue Code, which requires the filing of a claim for refund as a prerequisite to a suit for the recovery of an erroneous or excessive tax, bars the consideration by the court of such a defense in this suit, since a tax credit allowed under the Renegotiation Act is the legal equivalent of a tax refund to the contractor-taxpayer, and that the taxpayer must exhaust his administrative remedy by filing the claim for refund which Section 3772(a) requires as a prerequisite for judicial consideration of his contention. The decision in Stow Mfg. Co. v. Commissioner of Internal Revenue, 2 Cir., 1951, 190 F.2d 723, lends support to this view, although the proceeding was not identical and the specific issue was not there involved.

Having concluded that the defense of improper tax credit cannot be raised in this suit, under the pleadings on file, plaintiff is entitled to a judgment on the pleadings for the amount of excessive profits determined, less the tax credit as allowed by the Department of Revenue, together with interest. Credit is also allowed for the $508.98 withheld, as of the date when such sum was withheld, and the amount paid in satisfaction of the partial summary judgment, as of the date on which the payment was made. Interest shall be computed at the rate of five (5%) per cent per annum from December 29, 1948. See United States v. Abrams, 6 Cir., 197 F.2d 803, where it was held that the amount of interest is discretionary with the court.

Plaintiff shall submit, on or before April 1, 1955, form of judgment, consistent with this opinion, for the court's signature.